UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

MICHAEL MILES, Individually, :
:
        Plaintiff, :
v. :
: Case No. 3:14-cv-14702
:
LAKEVIEW HILLS COUNTRY CLUB, LTD., :
a Michigan Corporation, :
:
:
        Defendant. :
_____/ :

## COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

Plaintiff, MICHAEL MILES, Individually, (sometimes referred to as "Plaintiff"), hereby sues the Defendant, LAKEVIEW HILLS COUNTRY CLUB, LTD. , a Michigan Corporation, (sometimes referred to as "Defendant"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA").

### PARTIES

1. Plaintiff, MICHAEL MILES, is an individual residing in FINDLAY, OH, in the County of Hancock.

2. Defendant's property, LAKEVIEW HILLS HOTEL & GOLF RESORT is located at 6560 Peck Road, Lexington, MI 48450 in Sanilac County.

### JURISDICTION AND VENUE

3. Count I is brought pursuant to the laws of the United States, therefore the Court has jurisdiction pursuant to 28 U.S.C. §1331. Count II utilizes the same core of operative

fact, and is therefore subject to supplemental jurisdiction pursuant to 28 U.S.C. §1367.

4. Venue is properly located in the Eastern District of Michigan because venue lies in the judicial district of the property situs. The Defendant's property is located in and does business within this judicial district.

5. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. See also 28 U.S.C. § 2201 and § 2202.

6. Plaintiff, MICHAEL MILES is an Ohio resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA. Michael Miles is paraplegic and uses a wheelchair for mobility. MICHAEL MILES visits Lexington, Port Huron and the surrounding area, including the St. Clair and Sanilac Counties, Michigan, for golf trips and family vacations several times annually. Michael Miles frequents many establishments in and around the city of Lexington and has visited and been a customer at the property which forms the basis of this lawsuit and plans to return to the property to avail himself of the goods and services offered to the public at the property. Michael Miles is an avid and accomplished golfer and has firm plans to return to the Lakeview Hills Resort to golf and stay as a hotel guest. The Plaintiff has encountered architectural barriers at the subject property. The barriers to access at the property have endangered his safety.

7. Completely independent of the personal desire to have access to this place of public accommodation free of illegal barriers to access, Plaintiff also acts as a "tester" for the purpose of discovering, encountering, and engaging discrimination against the disabled in

public accommodations. When acting as a "tester," Plaintiff employs a routine practice. Plaintiff personally visits the public accommodation; engages all of the barriers to access, or at least all of those that Plaintiff is able to access; and tests all of those barriers to access to determine whether and the extent to which they are illegal barriers to access; proceeds with legal action to enjoin such discrimination; and subsequently returns to the premises to verify its compliance or non-compliance with the ADA and to otherwise use the public accommodation as members of the able-bodied community are able to do. Independent of other subsequent visits, Plaintiff also intends to visit the premises annually to verify its compliance or non-compliance with the ADA, and its maintenance of the accessible features of the premises. In this instance, Plaintiff, in Plaintiff's individual capacity and as a "tester," visited the Facility, encountered barriers to access at the Facility, and engaged and tested those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access and the ADA violations set forth herein.

8. Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104.  Defendant is responsible for complying with the obligations of the ADA.  The place of public accommodation that the Defendant owns, operates, leases or leases to is known as LAKEVIEW HILLS GOLF RESORT is located at 6560 Peck Road, Lexington, MI 48450.

9. MICHAEL MILES has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in paragraph 11 of this

complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant. MICHAEL MILES desires to visit LAKEVIEW HILLS GOLF RESORT not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that she and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

10. The Defendant has discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq.

11. The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A preliminary inspection of Lakeview Hills Golf Resort has shown that violations exist. These violations include, but are not limited to:

Hotel Parking

    A. Designated accessible parking has no or insufficient access aisles in violation of the ADA whose remedy is readily achievable.

    B. Designated accessible parking has no or insufficient signage demarcating spaces in violation of the ADA whose remedy is readily achievable.

    C. There are no designated accessible van parking spaces in violation of the ADA whose remedy is readily achievable.

    D. There are an insufficient number of designated accessible parking spaces.

Clubhouse Parking

    E. Designated accessible parking has no or insufficient access aisles in violation of the ADA whose remedy is readily achievable

    F. Designated accessible parking has no or insufficient signage demarcating spaces in violation of the ADA whose remedy is readily achievable.

    G. There are no designated accessible van parking spaces in violation of the ADA whose remedy is readily achievable.

    H. There are an insufficient number of designated accessible parking spaces.

Hotel Lobby restrooms

    I. There is insufficient clear floor space in designated accessible toilet compartment in violation of the ADA whose remedy is readily achievable.

    J. Lavatory pipes are not insulated to protect for scalding or burning in violation of the ADA whose remedy is readily achievable.

Accessible Routes

    K. Ramps do not have proper handrails on accessible route in violation of the ADA whose remedy is readily achievable.

    L. There is no accessible route to gym and fitness equipment due to a stairway as well as steps on the route in violation of the ADA whose remedy is readily achievable.

    M. There is no accessible route to hotel meeting rooms in violation of the ADA whose remedy is readily achievable.

Gymnasium Restrooms and Locker room

    N. There are no accessible toilet or shower facilities in the locker room.

    O. There are no accessibility features in the restroom facility or toilet compartments whereas they are required by the ADA and readily achievable.

Guestroom

    P. Hotel has insufficient number of designated accessible guestrooms in violation of the ADA whose remedy is readily achievable.

    Q. There is a threshold in excess of 1/2 inch to enter designated accessible guestroom in violation of the ADA whose remedy is readily achievable.

    R. There are closet racks and other amenities mounted in excess of designated accessible reach range in violation of the ADA whose remedy is readily achievable.

    S.   There are no grab bars installed for use in the tub of the designated accessible guestroom in violation of the ADA whose remedy is readily achievable.

    T.   There is no detachable shower head or hose for use in the tub of the designated accessible guestroom in violation of the ADA whose remedy is readily achievable.

    U.   There is door hardware in the guestroom that requires tight clasping or twisting in violation of the ADA whose remedy is readily achievable.

    V.   The lavatory has insufficient knee clearance in violation of the ADA whose remedy is readily achievable.

    W.   Lavatory pipes are not insulated to protect for scalding or burning in violation of the ADA whose remedy is readily achievable.

Access to Goods and Services

    X.   The front desk registration counter height exceeds 36 inches in violation of the ADA whose remedy is readily achievable.

    Y.   The bowling alley service counter height is in excess of 36 inches in violation of the ADA whose remedy is readily achievable.

South Golf Course
Restrooms at 1st tee

    Z.   Threshold in excess of 1/2 inch in violation of the ADA whose remedy is readily achievable.

    AA.   There are no grab bars at toilet unit in violation of the ADA whose remedy is readily achievable.

    BB.   The restroom mirrors are mounted in excess of designated accessible height range in violation of the ADA whose remedy is readily achievable.

    CC.   Toilet unit height does not conform to ADAAG regulations in violation of the ADA whose remedy is readily achievable.

    DD.   Toilet paper dispenser is mounted outside permitted reach in violation of the ADA whose remedy is readily achievable.

    EE.   Lavatory pipes are not insulated to protect for scalding or burning in violation of the ADA whose remedy is readily achievable.

    FF.   Door hardware requires tight clasping or twisting in violation of the ADA whose

       remedy is readily achievable.

Course Restroom

    GG.    A port-o-potty unit is provided for general use on the South Course whereas there are no accessible on course restroom facilities portable or otherwise, in violation of the ADA.

North Golf Course

    HH.    No accessible restroom facilities.

Adaptive Golf Cart

    II.    There is no adaptive golf cart available for disabled golfers at any of the resort's two courses whereas, golf carts are offered to able bodied golfers, in violation of the ADA whose remedy is readily achievable.

Bowling Alley

    JJ.    At least 5 percent, but not less than one, of each type of bowling lane must be accessible.

    KK.    Team or player seating areas that serve accessible lanes must be connected with an accessible route and comply with seating requirements.

Policy and Procedures

    LL.    The resort operator lacks or has inadequate defined policies and procedures for the assistance of disabled patrons.

12.    The discriminatory violations described in paragraph 11 are not an exclusive list of the Defendant's ADA violations. Plaintiff requires the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The Plaintiff, has been denied access to, and has been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above. The individual Plaintiff, and all others similarly situated will continue to suffer

such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.  In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

## COUNT I
## VIOLATION OF THE AMERICANS WITH DISABILITES ACT

13.     Plaintiff restates the allegations of ¶¶1-12 as if fully rewritten here.

14.      LAKEVIEW HILLS GOLF RESORT, and the businesses therein, are public accommodations and service establishments, and as such must be, but are not, in compliance with the Americans with Disabilities Act ("ADA") and Americans with Disabilities Act Accessibility Guidelines ("ADAAG").

15.      Plaintiff was unlawfully denied full and equal enjoyment of the goods, services, facilities, privileges, and advantages of the property and the businesses therein on the basis of his disability, due to Defendant's property failing to be in compliance with Title III of the Americans with Disabilities Act and its accompanying regulations, as prohibited by 42 U.S.C. § 12182, *et seq.,* and will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant is compelled to remove all physical barriers that exist at the facility, including those specifically set forth herein, and make the facility accessible to and usable by persons with disabilities, including Plaintiff.

16.     The Plaintiff, and others similarly-situated, are without adequate remedy at law and are suffering irreparable harm, and reasonably anticipate that they will continue to suffer irreparable harm unless and until Defendant is required to remove the physical barriers, dangerous conditions and ADA violations that exist at the Facility, including those set forth herein.

17.      Pursuant to 42 U.S.C. §12187, Plaintiff requests that the Court issue an injunction

requiring Defendant to make such readily achievable alterations as are legally required to provide full and equal enjoyment of the goods, services, facilities, privileges, and advantages on its property to disabled persons. In connection with that relief, Plaintiff requests reasonable attorney's fees and costs of maintaining this action.

## COUNT II
## VIOLATION OF MICHIGAN PERSONS WITH DISABILITIES CIVIL RIGHTS ACT
## M.C.L. § 37.1301 et seq.

18. Plaintiff restates the allegations of ¶¶1-17 as if fully rewritten here.

19. LAKEVIEW HILLS GOLF RESORT, and the businesses therein, are "place[s] of public accommodation" pursuant to M.C.L §37.1301(a).

20. Defendant committed an unlawful act pursuant to M.C.L §37.1302(a) by denying Plaintiff full enjoyment of its goods, services, accommodations, advantages, facilities, or privileges.

21. Defendant committed actual discrimination against Plaintiff Michael Miles by charging him a user fee to make use of his personal adaptive golf cart on its facility in spite of offering no adaptive golf car for rent by the Plaintiff or other golfers with mobility impairments similarly situated. And a person who would otherwise walk the course, and not make use of a course owned golf cart, would have no similar fee added to the green fees.

22. Pursuant to M.C.L §37.1606, Plaintiff is entitled to compensatory and exemplary damages, and attorneys fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of its goods, services, facilities, privileges, and advantages to disabled persons.

**WHEREFORE**, Plaintiff demands,

for Count I, an injunction requiring Defendant to make all readily achievable alterations to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages

to disabled persons, and the reasonable attorneys fees and costs of maintaining this action; and,

for Count II, compensatory and exemplary damages, and attorneys fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons.

Respectfully Submitted,

*Counsel for Plaintiff:*

\s\ Owen B Dunn Jr --   dated: December 11, 2014
Owen B. Dunn, Jr., Esq. MI Bar Number P66315
Law Office of Owen B. Dunn, Jr.
The Ottawa Hills Shopping Center
4334 W. Central Ave., Suite 222
Toledo, OH 43615
(419) 241-9661 – Phone
(419) 241-9737 - Facsimile
dunnlawoffice@sbcglobal.net